101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
William CHAPMAN, Defendant-Appellant.
 No. 95-1461.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Timothy Nugent, East Greenbush, N.Y.
 APPEARING FOR APPELLEE: Barbara D. Cottrell, Asst. U.S. Atty., Albany, N.Y.
 N.D.N.Y.
 REVERSED.
 Before NEWMAN, Chief Judge, and McLAUGHLIN, and CABRANES, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was taken on submission.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby REVERSED and REMANDED.
 
 
 1
 Defendant-appellant William Chapman appeals from the July 10, 1995, judgment of the District Court, following his guilty plea, convicting him of conspiracy to possess with intent to distribute, and to distribute, cocaine base, in violation of 21 U.S.C. § 846. Chapman contends that his plea of guilty is invalid because the Court did not explain the nature of the charge to which he was pleading and there was an insufficient factual basis for the plea. See Fed.R.Crim.P. 11(c)(1) & (f). The Government concedes that the evidence presented at the plea proceeding was insufficient to support the existence of a conspiratorial agreement, and joins the appellant in requesting that the conviction be reversed.
 
 
 2
 At the plea proceeding, the Government stated that it was prepared to prove at trial:
 
 
 3
 That on or about October 1st, 1993, at 785 River Street in Troy, that the Troy Police Department crash unit executed a state search warrant at that address, and that upon the execution of the warrant this defendant was in the bathroom flushing a quantity of marijuana, immediately next to him on the sink within arm's distance was a bag of crack cocaine which water was running on, and above him was a ceiling tile which was ajar, above that was 1,500 in cash, and another bag containing 46 grams of cocaine.
 
 
 4
 The Court then asked, "Mr. Chapman, is that, in fact, what happened?" Chapman replied, "Yes." No other facts were adduced at the plea proceeding.
 
 
 5
 We agree that the Government's recitation of facts is insufficient under Rule 11(f) to support Chapman's plea of guilty to participation in a narcotics conspiracy. See Montgomery v. United States, 853 F.2d 83, 85-86 (2d Cir.1988). We reverse and remand for further proceedings.